Tommie A. GOSSETT
and Lynn E. Gossett

*v.*

DEPARTMENT OF REVENUE

(TC 3665)

Joseph Wetzel, Wetzel DeFrang & Sandor, Portland, represented plaintiffs.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered April 6, 1995.

**CARL N. BYERS, Judge.**

Plaintiffs appeal an assessment of additional income taxes for 1990. Defendant found that a portion of the property sold by plaintiffs was not their principal residence. Accordingly, defendant required recognition of the gain on that portion and assessed additional taxes.

FACTS

In 1968, Tommie was employed as a policeman for the city of Portland. Seeking the serenity of country living, he located and purchased 38.69 acres for $40,000. The property was improved with a house and other outbuildings. Approximately 16 acres of the property is pasture, and 17.69 acres is forestland. At the time of purchase, the pastureland qualified for and was specially assessed for farm use. At the seller's suggestion, Tommie applied for and obtained special farm use assessment.

The sale included a number of cattle, later discovered to be suffering from hoof rot. When Tommie determined that the fungus was in the soil, he sold the cattle. The 16 acres of pastureland produced a grass crop of 600-700 bales per year. Plaintiffs paid $0.75 cents to $1.00 per bale for cutting and baling, and sold the baled grass hay for approximately $1.50 per bale.

Within three years of purchasing the property, Tommie applied for the timbered area to be designated as forestland. During the time he owned the property, Tommie did not harvest any trees except as was necessary to maintain a power line easement.

Plaintiffs sold the property in 1990 for $300,000, realizing a gain of $215,905. Plaintiffs treated the gain as deferred because they considered the entire 38.69 acres as their principal residence. Defendant disallowed the deferral with regard to the gain attributable to the forestland and

pastureland. Defendant agreed that the gain attributable to the house and five acres surrounding the house was from plaintiffs' principal residence.

## ISSUE

The issue before the court is whether all of the 38.69 acres constituted plaintiffs' principal residence.

## ANALYSIS

■■    IRC section 1034 provides for deferral of recognition of the gain realized on the sale of a principal residence if the taxpayer purchases a new principal residence of equal or greater cost within two years. The term "principal residence" is not defined by the code. The courts have construed the term to mean an individual's principal dwelling place, whether it be an apartment, mobile home, boat, houseboat or other accommodation. The term includes land used in connection with the dwelling.

■    Whether land around a dwelling is used for residential purposes or for other purposes depends upon "all the facts and circumstances in each case." Treas Reg § 1.1034-1(c)(3)(i). Even large estates in excess of 100 acres may qualify as a principal residence. However, the key is the relationship in use between the land and the dwelling. Land which is separated from the dwelling and sold as vacant land does not qualify as a sale of a principal residence. *See O'Barr v. Commissioner*, 44 TC 501 (1965).

■    The regulations and the cases recognize that a property may be partly used for a principal residence and partly used for other purposes.

> "Where part of a property is used by the taxpayer as his principal residence and part is used for other purposes, an allocation must be made to determine the application of this section [§ 1034]." Treas Reg § 1.1034-1(c)(3)(ii).

Plaintiffs testified that they viewed the 16 acres of pastureland as a large front lawn which provided a buffer from the highway. Plaintiffs were compelled to cut the grass annually to reduce the fire danger. Plaintiffs testified that the primary use of that land was "just living there" and enjoying a tranquil country setting.

■■ However, the evidence shows that Tommie applied for and obtained special farm use assessment for the 16 acres. Farm use is defined as the "current employment of land for the purpose of obtaining a profit in money." ORS 215.203(2).[1] In connection with maintaining the special farm use assessment, Tommie completed a questionnaire which indicated he considered the "farming operation a commercial endeavor" and not a hobby. Consistent with the special assessment for property tax purposes, plaintiffs reported farm and income expenses on Schedule F of their federal income tax returns.

Based upon all of the facts and circumstances, the court finds that the 16 acres was not part of plaintiffs' principal residence. The primary use of the land was for farming, which is consistent with legislative policy that only bona fide farm use qualify for special assessment (ORS 308.345(1)).

■ Plaintiffs testified that the forestland was used primarily by Tommie as a place for solitude where he could read and walk. Plaintiffs never harvested the timber. However, plaintiffs applied for and obtained special assessment as designated forestland. The application indicated that the land was "held or used for the predominant purpose of growing and harvesting trees of a marketable species." The application also indicated that current work being performed was pruning, thinning and cleanup. Although an incidental other use will not disqualify property as a taxpayer's principal residence, plaintiffs' own statement declared that the "predominant purpose" was not for residential use but for growing timber.

The court finds that the preponderance of the evidence supports the determinations made by department in its Opinion and Order No. 94-0010. Defendant's opinion and order must be sustained. Costs to neither party.

---

[1] All references to the Oregon Revised Statutes are to the 1989 Replacement Part.